ALLEN *v.* BACON *et al.*

No. 7841. NOVEMBER 14, 1930.

A. B. *Tollison, F. T. Wills,* and *I. L. Oakes,* for plaintiff in error.
J. P. *Brooke,* contra.

GILBERT, J. ■ When the case was formerly before this court (*Bacon* v. *Allen,* 169 *Ga.* 766, 151 S. E. 369), it was said: "The verdict is not supported by the evidence." The defendant then, as now, defended on the ground that the petitioners were estopped because of a prior suit against the defendant. The petition in the prior suit set out that Mrs. Mary Bacon, widow of H. M. Bacon, had been in possession and control of the "said described lands until the 7th day of March, 1922, at which time the bottom lands on Big Creek and on lots numbers 312 and 337, which was by the survey laid off in and as a part of Big Creek Drainage District, was sold at public outcry for the assessment due thereon to the said Big Creek Drainage Company, which said lands were conveyed by the sheriff by deed made in pursuance of said sale to S. H. Allen. Upon procuring said deed the said S. H. Allen went into possession of the lands bought by him at said sale, which he was entitled to do." And that petition further alleged that Allen also took possession of the ten acres then sued for, to which he had no right, and which was not included in the sheriff's deed. This court in the former decision held that there was no estoppel "because of the allegations made in another suit brought by their [petitioners'] mother against the defendant in the present case, for other lands, to which they were not parties, nor are they estopped because of the expenditures made on the land by the defendant." This court expressly applied the provisions of the Civil Code (1910), § 5737, namely; "Where the estoppel relates to the title to real estate, the party claiming to have been influenced by the other's acts or declarations must not only be ignorant of the true title, but also of any convenient means of acquiring such knowledge. Where

both parties have equal knowledge or equal means of obtaining the truth, there is no estoppel." When the case was tried again, the defendant amended his answer, setting out more fully his plea of estoppel. He now states in his brief that the case was properly decided by this court on the record as it then appeared, but that a certain portion of the record as then sent up by the clerk of the trial court was incorrect; that if the record had been correctly copied it would have shown that all the present plaintiffs were parties to the original suit in which the admission was made that the defendant was entitled to the land in question. Based upon these statements, it is argued that this court is not now bound by the previous decision as the law of the case, because the facts are different.

After careful consideration we arrive at the same result as was reached on the prior decision. Reasonable diligence on the part of the then defendant in error when the case was here on the former occasion would have discovered the error in the record, and the same could have been corrected. For this reason the plea of the present plaintiff in error might be denied; but there is another and more satisfactory reason for affirming the judgment of the trial court. We now hold that even with the allowance of the amendment as stated, and considering the present plaintiffs as having been plaintiffs in the previous suit, the admissions in that suit would not constitute an estoppel. We think it necessary now to state only that there was no estoppel because of the provisions of § 5737, as was stated in the prior decision. Allen, the defendant, now plaintiff in error, as is shown by the evidence in the case, was one of the drainage commissioners at the time, and knew all of the facts as to the creation of the drainage system with reference to the lands in question. It was his duty to acquaint himself with the title to the land which he bought at commissioners' sale; and if he failed to do so, his lack of information was due to his own negligence.

■ The amendment to the motion for a new trial complains of the refusal of the court to permit the introduction of (1) the record in the original suit involving the ten-acre tract, including the petition, answer, verdict, and judgment; (2) the record of the proceedings had in connection with the establishment of the drainage district, under which the forty-four acres now involved were sold

to Allen; (3) the oral testimony of the defendant, to the effect that the forty-four acres now involved lies contiguous to the ten acres previously sued for, and that the plaintiffs in the present suit were all plaintiffs in the former suit. The refusal to admit the evidence mentioned was not error. It could not have changed the result of the case.

Judgment affirmed. All the Justices concur, except Atkinson, J., disqualified.